YELVERTON, Judge.
First Pontchartrain Savings and Loan Association (First Pontchartrain) sued Evangeline Federal Savings and Loan Association (Evangeline) for $1,000,000, interest, attorney’s fees, and costs. The case arose from the sale by Evangeline to First Pontchartrain of a $1,000,000 participation in a loan made by Evangeline on November 30, 1983, to TAP Historic Properties. First Pontchartrain alleged that it participated in the loan under an agreement that its participation would mature in 90 days, on February 28, 1984, but that Evangeline failed to redeem the participation, as was its duty on that date. For this, and other reasons alleged, First Pontchartrain asked for a money judgment in the amount of its participation, with interest, attorney’s fees, and costs.
The loan from Evangeline to TAP Historic Properties, for $12,800,000, was dated November 30, 1983, and was due on January 1, 1994, as described on the Certificate of Participation issued by defendant to plaintiff and attached to the petition. A document called a Loan Participation Agreement, which explained Evangeline’s servicing and other responsibilities incident to the participation, was also attached to and made part of the petition. Both these attachments were prepared by Evangeline.
Both the Certificate of Participation and the Loan Participation Agreement stated that the sale of the participation by Evangeline was “without recourse”. Because of this language, Evangeline filed an exception of no cause of action to First Pontchartrain’s suit. Without assigning reasons, the trial judge maintained the exception and dismissed the action with prejudice.
*514 We reverse. The function of the exception of no cause of action is to test the legal sufficiency of the petition. If the petition states a cause of action as to any ground or portion of the demand, the exception must be overruled. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). We find that the petition states a cause of action as to at least one ground or portion of the demand, and as to which the restriction “without recourse” constitutes no defense.
According to the petition’s attachments, Evangeline had the authority to repurchase, or recall, the participation. According to the petition, the participation matured on February 28, 1984, which was 90 days from its purchase, and Evangeline was supposed to “redeem” it at that time. The documents attached to the petition reflect a maturity date, not otherwise explained, of February 28, 1984. The petition alleged that after that date Evangeline “has refused to tender the principal and interest due on said participation”. Taken together, the pleadings and attachments declare that there was an agreement that the participation would end in 90 days, after which Evangeline would buy it back, and that Evangeline did not buy it back, and that therefore it now owes the money. First Pontchartrain has stated a cause of action.
To hold that the language “without recourse” defeats this cause of action is to confuse the underlying contract between Evangeline and its borrower, TAP Historic Properties, with the participation contract between the plaintiff and the defendant. The words “without recourse” qualifying an indorsement of negotiable instruments means that the indorser is merely an assignor of title to the instrument, and that the indorser is not liable on the default of the maker. But the petitioner in the present case is not seeking to enforce an obligation of the underlying contract, the TAP Historic Properties note; it seeks, rather, to enforce an independent obligation allegedly created by the separate contract between First Pontchartrain and Evangeline. Since this suit is against Evangeline not on a contract of endorsement, demanding that it pay a note defaulted by TAP Historic Properties, but instead on a participation contract alleging violations of obligations owed exclusively by Evangeline to First Pontchartrain, the “without recourse” provision is not relevant to the stated cause of action.
For these reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings. Evangeline will pay the costs of this appeal.
REVERSED AND REMANDED.